[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12558

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAN BELC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cr-00008-MW-MJF-1

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Dan Belc, proceeding pro se, appeals the district court's order remanding his state court prosecution. The government responds by moving for summary affirmance, arguing that the district court correctly found that Belc's notice of removal was untimely and without merit under any removal statute. Belc then filed several motions to strike the government's motion for summary affirmance and its responses to his motions as untimely and for an invalid certificate of interested persons. We grant the government's motion for summary affirmance and deny Belc's motions to strike.[1]

**I.**

We review de novo whether the district court had subject matter jurisdiction after removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780–81 (11th Cir. 2005). Ordinarily, we lack jurisdiction to review an order remanding a case to state court, but when a case is removed pursuant to 28 U.S.C. §§ 1442 or 1443, we may review the remand order. 28 U.S.C. § 1447(d). Section 1443 permits a defendant in a criminal state court action to remove the

---

[1] Belc also requests a writ of mandamus in his appellant brief, though he did not file an original petition in this appeal. In an earlier proceeding, we already denied his mandamus petition on the requested grounds. *See In re: Dan Belc*, No. 22-12639 (11th Cir. Nov. 1, 2022). To the extent Belc attempts to renew his mandamus request here, we deny.

action to federal court if it is against a person who is denied or cannot enforce in the state courts "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.* § 1443(1).

We construe pro se pleadings liberally. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation omitted).

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] Summary affirmance is warranted here, for two reasons.

*First*, Belc's notice of removal was not timely. A notice of removal must be filed no later than thirty days after the arraignment in state court, or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). If a defendant shows good cause, a district court may enter an order granting a defendant leave to file a notice of removal later. *Id.* Belc filed his notice of removal over

---

[2] Decisions by the former Fifth Circuit handed down before October 1, 1981 are binding on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

three years after his arraignment, well outside the thirty-day limit. And he does not argue that he had good cause for this delay.

*Second*, even if we could excuse Belc's untimely notice of removal, he is not entitled to removal on the merits. To properly remove a case under § 1443(1), a petitioner must satisfy a two-prong test: he must show (1) that removal was based on a federal law "providing for specific civil rights stated in terms of racial equality," and (2) that "he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quotation omitted).

As to the first prong, the "phrase any law providing for equal civil rights refers to laws providing for specific civil rights stated in terms of racial equality, and does not include rights of general application available to all persons or citizens." *Id.* (alteration adopted and quotation omitted). A defendant's "right to a fair trial and equal protection of the laws and his rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality." *Id.* (alteration adopted and quotation omitted).

For the second prong, the petitioner must show that he has been denied or cannot enforce that right in the state courts. *Id.* This must generally be "manifest in a formal expression of state law." *Id.* at 1296 (quotation omitted). Charges "that the defendant is unable to obtain a fair trial in a particular state court are insufficient to support removal under § 1443(1)." *Id.* at 1298–99 (quotation omitted).

Belc's allegations of racial and national origin discrimination and violations of his constitutional rights are not based on a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 1295 (quotation omitted).  Nor has Belc asserted that a state law prevents a state court from enforcing his rights.  *See id.*  His attempt to remove thus fails on the merits.

### III.

Belc also moved to strike the government's motion for summary affirmance and its responses to his motions on the grounds that they were untimely and included a defective certificate of interested persons.  We deny these motions.  The government's motion was timely because it was filed within thirty days of Belc's brief.  *See* Fed. R. App. P. 31(a)(1); 11th Cir. R. 31-1(c).  Each subsequent response was also timely, having been filed within ten days of Belc's respective motion to strike.  *See* Fed. R. App. P. 27(a)(3)(A).  And the government's certificate of interested persons was accurate.

⋆    ⋆    ⋆

Because the government's position is clearly correct as a matter of law, summary affirmance is appropriate.  We GRANT the government's motion for summary affirmance and DENY Belc's motions to strike.

**AFFIRMED.**